IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARLAND SCHLENKER and                                                    PLAINTIFFS
MANDI SCHLENKER

vs.                                          Civil No. 6:14-cv-06068

SKY TAPP and
GARLAND COUNTY SHERIFF'S OFFICE                                          DEFENDANTS

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Sky Tapp's Motion to Set Aside and Suspend Writ of Execution Sale and Other Related Relief, Amended Motion to Set Aside and Suspend Writ of Execution Sale, and Supplement to Amended Motion to Set Aside and Suspend Writ of Execution Sale and Other Related Relief.[1]  ECF Nos. 103, 104, 108.  Plaintiffs responded to these Motions.  ECF No. 106.  Also before the Court is Plaintiff's Motion to Lift Stay and Disburse Funds, Application for Costs, and Response to Motion to Set Aside and Suspend Writ of Execution Sale and Other Related Relief.  ECF No. 110.  Defendant Tapp has responded to this Motion.  ECF No. 112.

These Motions were referred to the undersigned[2] for consideration and are now ripe for consideration.  The Court held a hearing to address these Motions in Hot Springs, Arkansas on October 31, 2018.  All Parties were represented at this hearing.

---

[1] Because these motions all address the same issues, the Court will consider them together.

[2] In considering these Motions, this Court notes the undersigned conducted the settlement conference in this matter on March 9, 2015.  As a part of that settlement conference, I received confidential information and other facts related to this lawsuit.  I also note these Motions were made post-judgment, and the Parties expressly waived any objection to the my consideration of these Motions.

1

1.   **<u>Background</u>:**

This federal lawsuit was filed against Sky Tapp for negligence and breach of fiduciary duty. ECF No. 1.[3] This lawsuit was filed on May 19, 2014. The facts of the current lawsuit relate to an underlying state court action. In this underlying state court action, Plaintiffs hired Defendant Tapp, who was an attorney, to represent them against their homeowner's association because they allege they were being charged "an unreasonable and unconscionable rate." Plaintiffs owned a condominium managed by this homeowner's association.

During the pendency of this underlying action, a condominium adjoining Plaintiffs' condominium was sold at a foreclosure sale. Defendant Tapp, who was at that time Plaintiff's attorney, purchased that condominium at the foreclosure sale. According to Plaintiffs, Defendant Tapp then withdrew from representing them and left them without counsel. As a result of this withdrawal and Defendant Tapp's purchase, Plaintiffs filed the current lawsuit in federal court, claiming negligence and breach of fiduciary duty.

On April 22, 2015, approximately one year after this lawsuit was filed, the Parties settled all claims. ECF No. 119. As a part of this settlement, Defendant Tapp supplied Plaintiffs with a warranty deed to the property he purchased during the foreclosure sale. *Id.* at 2. This property was encumbered by liens. *Id.* Because of the liens, Defendant Tapp also agreed to a consent judgment of $32,000 in favor of Plaintiffs. *Id.* The parties agreed that if Defendant Tapp was able to supply "good and merchantable title . . . within 90 days," then that judgment would be void. *Id.* It is undisputed Defendant Tapp did not supply "good and merchantable title" within 90 days, and the consent

---

[3] The facts of this case were taken from the Complaint and the facts offered at the hearing in this matter.

judgment for $32,000 was filed on August 19, 2015.  ECF No. 72.

This consent judgment includes the following provision: "Defendant [Defendant Tapp] will give a consent judgment for Thirty-Two Thousand Dollars ($32,000.00); the judgment is to be held by Jeff Rosenzweig and will not be filed for 90 days.  If good and merchantable title is delivered by the Plaintiffs within ninety (90) days, the Judgment will be null and void *ab initio,* and the Mortgage will be satisfied."  ECF No. 72.

Over two years later, on March 8, 2018, Plaintiffs made efforts to collect this $32,000 consent judgment by applying for a writ of execution as to Defendant Tapp's property.  ECF Nos. 92-93.  In response to these efforts, Defendant Tapp filed the current set of Motions (ECF Nos. 103, 104, and 108), seeking to stop this execution.  Thereafter and upon consideration of these Motions, the Honorable P. K. Holmes, III entered an order staying this execution until a hearing could be held on in this matter.  ECF No. 109.  As a part of this order, Judge Holmes directed Defendant Tapp to place $27,000 into the Court's registry.  Defendant Tapp has complied with order and has deposited $27,000 into the Court's registry.[4]

**2.      Discussion:**

a. Defendant's Motions:  There is no dispute Defendant Tapp did not supply "good and merchantable" title to the condominium at issue in this case within the requisite 90-day time-period.  Thus, the consent judgment was properly entered, providing a liquidated amount of $32,000 to Plaintiffs.  Consistent with the terms of the consent judgment, Defendant Tapp is directed to satisfy

---

[4]Following the hearing on October 31, 2018, the Court ordered a transcript of the proceeding where the Consent Judgment was presented to U.S. District Judge Robert Dawson on April 22, 2015. ECF No. 119.  After review of this transcript the Court has determined that no further briefing or argument is necessary in this matter.

that $32,000 consent judgment.

Pursuant with this directive, the $27,000 Defendant Tapp paid into the Court's registry should be paid to satisfy this consent judgment. Based upon the docket in this case, the Court notes this consent judgment was previously assigned to Leads, LLC. for the sum of $2,000. ECF No. 91-1. Accordingly, the $27,000 contained in the Court's registry should be released to Leads, LLC.

As for the remaining $5,000 ($32,000 minus $27,000), the Court recommends Defendant Tapp be given thirty (30) days to supply this amount to Leads, LLC. If that money is not supplied within thirty (30) days, the Court recommends a writ of execution be issued as to any and all of Defendant Tapp's properties to satisfy this amount.

b.  <u>Plaintiff's Motion</u>: Based on the foregoing analysis, Plaintiff's Motion to Lift Stay and Disburse Funds, Application for Costs (ECF No. 110) should be granted.

**3.     Recommendation:**

Based upon the foregoing, the Court recommends as follows:

a.   Defendant Tapp's Motions (ECF Nos. 103, 104, and 108) be **DENIED**.

b.   Plaintiff's Motion to Lift Stay and Disburse Funds, Application for Costs (ECF No. 110) be **GRANTED**.

c.   The $27,000.00, currently deposited with the registry of the Court, be released to the Plaintiffs or their assignee.

d.   Defendant Tapp pay the remaining $5,000.00 owed pursuant to the Consent Judgment to Plaintiff's or their assignee within thirty (30) days or writ of execution issue as to any and all of Defendant Tapp's properties to satisfy the remainder of the Judgment.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 28th day of November 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE