UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARLAND SCHLENKER and
MANDI SCHLENKER                                                           PLAINTIFFS

v.                             No. 6:14-CV-06068

SKY TAPP and
GARLAND COUNTY SHERIFF'S OFFICE                                           DEFENDANTS

## ORDER

On August 19, 2015, a consent judgment (Doc. 72) was entered for Plaintiffs. They subsequently assigned that judgment to Leads, LLC (Doc. 91-1). Plaintiffs have never moved to substitute Leads, LLC, as the Plaintiff, and Leads, LLC has not moved to intervene. Thereafter, Plaintiffs applied for various writs of execution. The writs were issued, and Defendant Sky Tapp subsequently filed a motion to stay execution. The Court issued an order (Doc. 109) that would stay execution of those writs upon Defendant Tapp's payment into the Court's registry of $27,000.00. That payment was made on September 10, 2018, and execution of the writs was stayed.

Subsequently, Leads, LLC filed a motion for summary judgment under Arkansas Code Annotated § 16-66-118, which provides that

> Each officer to whom any execution is delivered shall be liable and bound to pay the whole amount of money specified in or endorsed on the execution and directed to be levied if he or she willfully (1) Neglects or refuses to execute or levy the execution according to law; [or] . . . (3) Does not return the execution on or before the return day specified therein.

Leads, LLC argues that the Sheriffs of Hot Spring County[1] and Garland County each have failed

---

[1] Leads, LLC appears not to have served Hot Spring County with this motion, providing an additional basis for the Court to deny the motion as to the Sheriff of that County.

1

to execute writs or return the executed writs on or before their return day. Leads, LLC fails to specifically identify which writs are at issue in this motion, but this failure does not affect the ruling on the instant motion. The Court ordered a stay of execution for all writs issued. The Sheriffs cannot execute them because the Court has ordered those Sheriffs not to. Because the Sheriffs cannot execute the writs, they cannot return the executions. The Court will not punish state officers for complying with the Court's own order.

IT IS THEREFORE ORDERED that the motion for summary judgment (Doc. 123) is DENIED.

IT IS SO ORDERED this 10th day of January, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE